UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GORDON CHARLES,

    Plaintiff,

v.   Case No: 6:25-cv-46-JSS-LHP

ORANGE COUNTY JAIL,

    Defendant.
_____/

### ORDER

Plaintiff, a prisoner at the Orange County Jail, has filed a pro se complaint against the jail. (Dkt. 1.) For the reasons outlined below, the court dismisses the complaint for failure to state a claim.

### BACKGROUND

Plaintiff initiated this case against the jail by filing a handwritten complaint for claims arising under 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff states that while he was incarcerated at the jail on December 11, 2024, two officers entered his housing unit and searched his legal mail. (*Id.* at 1.) Allegedly, acting at a corporal's direction, the officers sought to "remove evidence" that State Attorney Andrew Bain and Assistant State Attorney Ashley Culpepper had provided to Plaintiff pursuant to a court order. (*Id.*) Plaintiff claims that the officers removed a USB drive and two CD-ROM discs even as they assured him that this "evidence would be put in [his] property." (*Id.*) According to Plaintiff, the drive and discs contained proof of police corruption. (*See id.* at 5.)

Plaintiff alleges that despite the officers' assurance, "the evidence was not put into [his] property and [he] did not get [a] property receipt." (*Id.* at 1.)

Plaintiff asserts that on January 5, 2025, he spoke with a Lieutenant Lopez, who agreed with a Sergeant Lachney "that the evidence should have never been taken" from Plaintiff and who, like the sergeant, did not know where the evidence was. (*Id.* at 3.) Indeed, Plaintiff alleges: "No one knows where the evidence is." (*Id.* at 4.) Plaintiff claims that the "misplacement" of his evidence has violated his First Amendment and due process rights, and he also complains of the air conditioning, toilets, access to the law library, and other problems at the jail. (*Id.* at 3–4.) As relief, Plaintiff seeks the return of his USB drive and CD-ROM discs. (*See id. passim.*)

## APPLICABLE STANDARDS

The court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Moreover, the court must "dismiss the complaint, or any portion of the complaint, if" it is "frivolous" or "malicious," it "fails to state a claim," or it "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). While pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992), they must nevertheless comply with procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Bilal v. Driver*, 251 F.3d 1346, 1347 n.1 (11th Cir.

2001). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "To state a claim under section 1983, [a complaint] must allege that an act or omission, committed by a person acting under color of state law, deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024).

## ANALYSIS

Plaintiff has sued the Orange County Jail. (*See* Dkt. 1.) However, the jail "is not a legal entity amenable to suit." *Tierney v. Sarasota Cnty. Jail*, No. 8:14-cv-9-T-30EAJ, 2014 U.S. Dist. LEXIS 501, at *2 (M.D. Fla. Jan. 3, 2014); *accord Teartt v. Pasco Cnty. Jail*, No. 8:10-CV-565-T-30TGW, 2010 U.S. Dist. LEXIS 32544, at *2 (M.D. Fla. Mar. 17, 2010) ("[A] county jail is not an entity that can be sued as a 'person' under the statute."). As a result, the court dismisses the complaint for failure to state a claim.

## CONCLUSION

Accordingly:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A

for failure to state a claim. The dismissal is without prejudice to Plaintiff filing a new complaint with a new case number.

2. The Clerk is **DIRECTED** to mail with Plaintiff's copy of this order a court-approved form for filing a civil rights complaint, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on January 17, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties